53 So.2d 508 (1951)
YOUNG et al.
v.
COEN.
No. 7651.
Court of Appeal of Louisiana. Second Circuit.
June 29, 1951.
Rehearing Denied July 25, 1951.
C. B. Prothro, Eugene J. Coen, Shreveport, for appellant.
Frederick, J. Stewart, Shreveport, for appellees.
KENNON, Judge.
In this suit the plaintiffs, four in number, seek a judgment recognizing their laborer's and materialman's liens against the lot and improvements located at 2122 Southern Avenue in Shreveport, Louisiana, and in the alternative, pray for personal judgment against the owner, Eugene J. Coen. The petition sets forth that the plaintiffs furnished labor and materials for the purpose of altering, painting and reconditioning the premises under a verbal agreement with a Mrs. Marie Holley, then living and operating a convalescent home on the premises in question, and that she was lessee but represented herself to be the owner of the building.
Plaintiffs alleged that after the work was performed, Mrs. Holley failed to pay for same, and they then learned that Eugene J. Coen was the owner of the premises, and they then filed the liens mentioned above. The petition set forth that the owner Coen had full knowledge of and consented to the performance of the work, at the same time withholding information from plaintiffs that he was the owner of the premises and that there existed an unrecorded written lease in favor of Mrs. Holley, and that Coen had subsequently, after Mrs. Holley became a bankrupt, took possession of the premises which had been enhanced in value by reason of the work done and labor performed.
Defendant admitted that Mrs. Holley was in possession as lessee, under a written lease, of the premises at 2122 Southern Avenue, and that he, Coen, was the owner thereof. He further admitted that he had taken possession of the premises after the institution of bankruptcy proceedings by *509 Mrs. Holley and the disclaimer of title to the lease by the trustee in bankruptcy. Defendant denied that any person was authorized by him to buy materials or contract for labor. He averred that the written lease with Mrs. Holley contained a clause wherein the lessee agreed not to alter, repair, or remodel without the written consent of the lessor. Setting forth that he had no knowledge or information of the verbal contracts made by Mrs. Holley with plaintiffs and that the alterations and changes made were without his consent and of no value to him, and that he had been damaged by the making of the repairs and the recordation of the liens, defendant prayed for judgment rejecting plaintiffs' demands and for damages and attorney's fees.
The judgment of the District Court rejected plaintiffs' demands for recognition of the lien against defendant's property and ordered the Clerk of Court to cancel the instruments filed by plaintiffs asserting their respective liens. Defendant's reconventional demands were rejected, and personal judgment was rendered against defendant Coen in favor of plaintiffs for the amounts of their respective claims.
From this judgment defendant appealed. Plaintiffs did not appeal nor did they file an answer to that of defendant. Consequently, the judgment of the District Court ordering cancellation of the liens (which is in accord with the Louisiana jurisprudence) is not before us for review. Defendant in this Court has not urged his reconventional demands, and the principal issue presented by the present appeal is whether or not plaintiffs are entitled to personal judgment against the owner of the premises for the balance due them by Mrs. Holley, the tenant, for work done on the premises owned by defendant.
There is no difficulty in finding the following facts. Defendant, Eugene J. Coen, is the owner of the premises described in plaintiffs' petition. On May 2, 1950, he entered into a lease agreement with Mrs. Marie Holley, which instrument was not placed of record. The lease contained a provision that alteration or repairs would not be made without the written consent of the lessor. Shortly after the execution of the lease, Mrs. Holley employed petitioners Young and Walters to paint the premises. The necessary paint was furnished by plaintiff, Cal E. Swanson. Lumber and materials for alterations were furnished by plaintiff, Caddo Lumber & Supply Company. Mrs. Holley made some payments, but there remained due by her to the respective plaintiffs the amounts set forth in the judgment of the District Court. The premises were substantially benefited, though the extent of the benefit is not definitely shown. Neither Mrs. Holley nor Mr. Coen did anything to justify plaintiffs' allegation that Mrs. Holley held herself out to them as the owner of the premises.
In 1841 the Supreme Court of Louisiana, in the case of Hoffman v. Laurans, 18 La. 70, held that the owner of a building was not responsible for debts contracted by a lessee in the improvement of the leased premises, despite the finding that the improvements to the leased premises had been made with the knowledge of the owner. In that case the contractor, in support of his contention that the owner should be held responsible, cited Articles 500 and 2697 of the Civil Code, now Articles 508 and 2726, Revised Civil Code. The Supreme Court disposed of this contention using the following language: "* * * articles 500 and 2697 of the La. Code have also been relied on, but in our opinion they have no direct bearing on the case before us; and cannot assist the plaintiff when he seeks to enforce a privilege so adverse to or rather destructive of the right of property. The doctrine he contends for would besides open a wide door to fraud and collusion between lessees and builders; and would place the owner completely at their mercy."
While the above language was used in denying plaintiff's claim for recognition of a lien against the property upon which the repairs were made, the principles set forth would be applicable equally, or more strongly, to the issue presented by the present appeal, wherein the owner has been personally cast for the amounts due plaintiffs for repairs contracted for by the lessee.
*510 The Court of Appeal, this circuit, in the case of Callender v. Marks, 166 So. 891, held that the owner of property was not liable for the unpaid material and labor claims incurred by the lessee in making improvements. The Court affirmed the judgment of the District Court ordering cancellation of the lien affecting the lessor's property, holding that the owner and his property could not be held liable for the unpaid material and labor liens incurred by a lessee.
Counsel has cited no law which makes the owner and landlord responsible for the debts incurred by the tenant in renovating or altering the leased premises, but urges the equitable principle that it would be unjust to permit defendant as landlord to retain the benefits of the improvements made by Mrs. Holley and yet not be held legally responsible for the unpaid material and labor claims incurred by her in improving defendant's premises. There was no privity of contract between defendant Coen and the plaintiffs. As stated by the Supreme Court in the Hoffman case, supra, the mere consent to make the alteration or repairs renders the lessor in no way liable to the laborers and materialmen. The application of this rule may be inequitable in some cases. However, a recognition of the doctrine contended for would, as noted in the above quotation of the Supreme Court, be calculated to be destructive of the right of property and to open a wide door to fraud and collusion.
Counsel for plaintiffs devotes a portion of his brief to a discussion of the rights of lessee to remove the improvements and additions made to these premises, citing Article 2726 of the Revised Civil Code. Since plaintiffs did not appeal from the judgment rejecting their claim for a lien, and since Mrs. Holley, the lessee, was not a party to the present proceedings, we do not consider the authorities cited relevant to the issue before us.
Plaintiffs counsel cites Articles 21 and 1965 of the Revised Civil Code and a Louisiana case (Police Jury v. Hampton, 5 Martin, N.S., 389, 392), in which the principle is stated that one "who acted for another by transacting his business, or by making repairs on his property, could recover the amount of the expenses incurred, or the value of the repairs; provided the acts of the negotiorum gestor were necessary and useful to the person for whom he acted."
While accepting the above principle, we do not believe it applicable for the reason that no claim is here presented by Mrs. Holley on her own account nor is there proof that she acted as an agent of the owner.
For the reasons assigned, the judgment appealed from is reversed and judgment is now rendered in favor of defendant and against plaintiffs, rejecting their demands, with costs of both courts.