414 So.2d 855 (1982)
G. WOODWARD JACKSON CO., INC.
v.
William CRISPENS and Gilbert Safrastine, d/b/a Hopedale Crab Company; Carl Fontenot; Alec Metcalf, d/b/a A & L Seafood Company; and One Continental Boiler.
No. 12659.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Louis G. Gruntz, Jr., Jefferson, for plaintiff-appellant.
Kirk Vaughn, Edward S. Bopp, a Law Corp., Arabi, for defendants-appellees.
Before SCHOTT, AUGUSTINE and LOBRANO, JJ.
AUGUSTINE, Judge.
This is an action de in rem verso brought in personam by plaintiff repairman G. Woodward Jackson to recover $2,246.12 from defendant landowner Carl Fontenot for the cost of repair to a boiler. Also named as defendants are the defendant's former lessees William Crispens and Gilbert Safrastine, d/b/a Hopedale Crab Company and Alec Metcalf d/b/a A & L Seafood Company.
The action is also brought in rem against the boiler whose uncompensated repairs have occasioned this suit.
As this matter is before us to review the trial court's finding of no cause and no right of action against defendant Fontenot we will regard as true the following allegations, as set out in plaintiff's petition:
In May, 1980, G. Woodward Jackson entered an oral contract with William Crispens and Gilbert Safrastine, d/b/a Hopedale Crab Company, to furnish repairs to a boiler located at their place of business. At the time he entered the agreement, Jackson was under the mistaken impression that the premises upon which the boiler was located, and the boiler itself, were owned by the crab company, this belief having been born as a result of certain representations of ownership by Crispens and Safrastine. At *856 no time was Fontenot, the lessor, given notice of repair nor did he have any knowledge of the contract.
Repair of the boiler was completed in June, 1980 at a cost of $1,525.12. Crispens and Safrastine refused to pay Jackson's bill, however. They later terminated their lease with Fontenot by unexpectedly evacuating the premises. Their whereabouts are to this day unknown to plaintiff, who has cause to believe they have left the State.
By September, 1980, a new lessee, Alec Metcalf d/b/a A & L Seafood Company, had taken over the premises. Again, the boiler needed repair, and again plaintiff was called upon to fix it. Metcalf refused to pay the $721.00 repair bill.
Plaintiff later learned that Carl Fontenot was the owner of the premises, and that the two seafood companies with whom he had earlier contracted were merely lessees. He served the bills for repair upon Fontenot, who refused to pay.
Following the institution of this action, the trial court sustained Fontenot's exception of no cause of action. We affirm.
To prevail in this action, plaintiff's petition must allege facts sufficient to satisfy the elements of unjust enrichment. There must be proper allegation of (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of legal justification for (1) and (2); absence of aremedy at law. Minyard v. Curtis Products, Inc., 205 So.2d 422 (La.1967).
Taken at face value, the above stated elements seem to require that wherever there is an enrichment of one person at the expense of another and this enrichment appears "unfair", the law should right the matter by resort to natural justice.
The doctrine of unjust enrichment does not have an expansive mission, however. Its application is narrowed by the assignment of specific legal meaning to each of the elements which must be pleaded and proved. See Unjustified Enrichment in the Civil Law and Louisiana Law, 36 Tul.L. Rev. 605 (1962); 37 Tul.L.Rev. 49 (1963); see also Justice Tate, The Louisiana Action for Unjustified Enrichment, 50 Tul.L.Rev. 883 (1976) and 51 Tul.L.Rev. 446 (1977).
The present case does not come within the narrow limits of the doctrine's application. Plaintiff's petition fails to establish the most critical element of the actio de in rem verso, i.e., absence of legal justification for the enrichment.
An enrichment has legal justification when it flows from the proper application of a rule of law or contractual provision. Stated in the converse, the actio de in rem verso must be denied when the relief sought by plaintiff would subvert the purpose of a rule of law or of a contract. Tate, supra.
The rule of law which justifies the enrichment of the landowner in this case is Civil Code Article 2694, which protects a landlord from having to reimburse the tenant for repairs to the premises unless the tenant gives sufficient notice to the landlord of the need for repair and of his intent to have the work performed. Our jurisprudence has consistently enforced Art. 2694 so as to deny recovery of expenditures for repair by a lessee when the lessor was given no notice of lessee's intent to repair. Brignac v. Boisdore, 288 So.2d 31 (La.1973); Mullen v. Kerlec, 115 La. 783, 40 So. 46 (1905); Hartz v. Stauffer, 163 La. 382, 111 So. 794 (1927); Ellis v. Brenner, 34 So.2d 633 (La.App. 2nd Cir. 1948). Implicit in each of these decisions is the legislature's purpose to protect the lessor from a repair contract to which he is not a party. That purpose would be subverted if we were to recognize plaintiff's claim in this case.
We find no reason to allow the mechanic to stand in a better position, vis-a-vis the landlord, than the tenant himself. Accordingly, we find that defendant's enrichment is justified by Article 2694 of the Louisiana Civil Code.
This result is consistent with Young v. Coen, 53 So.2d 508 (La.App.2d Cir. 1951). There, materialmen and repairmen sought recovery from a landlord for renovation of his premises. The contract under which the *857 work was performed did not include the landlord as a partythe plaintiffs had relied upon the tenant's misrepresentation that she was the owner of the premises. The landlord had no knowledge of this misrepresentation, now did he know that the renovation was underway. When it was discovered that the lessee, who had become insolvent, was not the true owner of the property, plaintiffs filed liens against the landlord's premises. The Court held for the landlord, reasoning that inasmuch as the landlord had not been a party to the renovation contract, and because the lease required notice to the landlord of any repairs by the tenant, the enrichment of defendant landlord was justified.
We follow the result and reasoning of Young v. Coen, supra, in holding that allowance of repairman Jackson's actio de in rem verso would destroy one of the legislative purposes of Article 2694. It follows that Fontenot's enrichment is legally justified.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.