453 So.2d 662 (1984)
ROBERSON ADVERTISING SERVICE, INC.
v.
WINNFIELD LIFE INSURANCE COMPANY.
No. 83-CA-842.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 1984.
*663 Camille F. Gravel, Jr., Susan M. Theisen and Anna E. Dow, Alexandria, for defendant-appellant.
Victoria L. Bartels, New Orleans, for plaintiff-appellee.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
Roberson Advertising Service, Inc. Plaintiff, brought this action on open account to recover the sum of $7,627.00, together with interest, costs and reasonable attorney fees from Winnfield Life Insurance CompanyDefendant.
Plaintiff's action proceeded to trial where the trial court rendered judgment in its favor based on the theory of unjust enrichment. Defendant appeals and presents three issues for our consideration:
1. Whether Roberson had the right to rely on the authority of Jim Dulaney to contract for Roberson's services after receipt of the April 7, 1978, letter from Ben Johnson informing Roberson that all orders had to be authorized by him.
2. Whether Roberson is entitled to a judgment based on unjust enrichment when there was no showing that Winnfield derived a benefit from the alleged services; when Roberson had been put on notice that authorization for all orders must come from Winnfield's main office; when Roberson had an action at law to recover the debt; and when there was legal justification for the improvement and the enrichment.
3. Whether Roberson is entitled to interest dating from judicial demand on a judgment based on unjust enrichment.
The plaintiff filed suit on open account for $7,627.00, representing two invoices for advertising services rendered in 1979. Defendant denied the debt on the basis that its officers and employees had no knowledge of the advertising services rendered and that the services were not authorized by any officer, director or employee who had the capacity to make such a contract for these services at the time in question.
The record reveals that Michael Roberson, the vice-president of the plaintiff advertising company had previously contracted advertising business with the defendant *664 corporation through its Kenner agency director, James Dulaney. Prior to the disputed transaction which forms this appeal, Michael Roberson had contracted on several occasions with regard to the printing and distribution of circulars. Bills for these services were sent to either Winnfield's agency in Kenner or to Natchitoches, the location of Winnfield's main office. Before invoicing, James Dulaney would approve the promotional presentation and then plaintiff would print and distribute the circulars advertising the Winnfield Insurance Company.
The original invoices would be mailed to James Dulaney at the Jefferson branch office. Evidence of past transactions indicate that these invoices would be forwarded to the main office, which would then issue checks in payment for the services. These checks would be signed by Ben Johnson, President of Winnfield Life Insurance Company.
Notwithstanding these prior contractual commitments, Ben Johnson testified that James Dulaney became untrustworthy in handling accounts for Winnfield because he over extended his purchasing authority.
Ben Johnson testified that he had informed Roberson Advertising that all further orders would have to be authorized by him at the main office, and that under no circumstances was anyone to order anything in the name of Winnfield without said authorization.
In support of this testimony, a letter dated April 7, 1978 from Ben Johnson's office was placed into evidence.
After April 7, 1978, Roberson transacted business directly with Ben Johnson in Natchitoches.
However, the plaintiff filed a claim for services rendered which were not authorized by Ben Johnson. In a letter dated January 9, 1980, written by Michael Roberson and addressed to Ben Johnson, reference is made to two outstanding invoices which are the subject of this appeal. Advertisement circulars were printed and distributed as per the request of James Dulaney on June 1979. Furthermore, Dulaney informed Roberson that the check for payment would not be issued until January 1, 1980, for accounting purposes. Since it was now 1980, Roberson considered these two outstanding invoices due and demanded payment thereon.
The evidence in the record reveals that James Dulaney had placed advertisement requests on June 7, 1979 and June 20, 1979, with no substantiated authorization and Roberson filled the subject orders in direct contravention of the letter dated April 7, 1978 from Ben Johnson's office expressly revoking James Dulaney's purchasing authority.
The trial judge provided in his written reasons for judgment, citing Minyard v. Curtis Products Inc., 251 La. 624, 205 So.2d 422 (La.1967) that where there is no express law, the judge is bound to decide according to equity.
He indicated that the plaintiff in the case at bar has proved the requisite elements of unjust enrichment. Namely that the defendants received a benefit from the plaintiff's services.
Quoting from his judgment, the trial court reasoned as follows:
"Plaintiff, in his petition prayed for $7,627.00 plus interest from date of judicial demand, reasonable attorney fees and all costs of the proceedings. This amount was evidenced by the previously mentioned invoices. This court does not find that the factual basis of this case warrants this award to plaintiff. Relying on La.Civil Code Art. 21, it is hereby determined that equity would require that defendant, Winnfield Life Insurance Company, be condemned to pay one half of, or the sum of THREE THOUSAND EIGHT HUNDRED THIRTEEN AND 50/100 ($3,813.50) DOLLARS together with interest from date of judicial demand and all costs of these proceedings. Plaintiff is not entitled to recover attorney fees as prayed for since recovery was not based on R.S. 9:2781.
Defendant can not in fairness retain the benefits received without cost; it is *665 obliged by equitable principles to repay the value of said benefits to the plaintiffs, who had furnished the services in good faith reliance on the agreement with Mr. Jim Dulaney. Winnfield Life Insurance Company had allowed Dulaney to engage in the acquisition of advertising services in the past and had previously accepted the services. Winnfield must have felt that these services were beneficial and had paid for them in the past. Accordingly, in the interest of justice, Winnfield Life Insurance Company is bound to compensate Roberson Advertising Service, Inc. for the services rendered."
Despite the finding that the plaintiff filled the June, 1979, advertisement orders without "substantiated authorization" the trial court reasoned that the plaintiff was entitled to a judgment based on unjust enrichment; we disagree.
Although we agree with the trial court's conclusion that James Dulaney had no authority to bind Winnfield without the expressed authorization of its President, Ben Johnson, and that there was not any ratification of such actions. We must disagree with the legal application of the principle of unjust enrichment in this case.
Under Louisiana law, an agency relationship is created by either express appointment of a mandatory under Civil Code Article 2985 or by implied appointment arising from apparent authority, Lou-Ark Equipment Rentals Co. v. Hong Ah-Fong, 355 So.2d 1019 (La.App. 4th Cir. 1978). The record is clear that if any agency relationship existed between James Dulaney and Winnfield Insurance regarding Dulaney's capacity to bind Winnfield, it was terminated effective April 7, 1978. It is settled law in this State that an agency relationship cannot be presumed, it must be clearly established. The record does not support the implication of apparent authority.
In any event, even if agency was indicated, Roberson had an affirmative duty to determine the extent and scope of Dulaney's authority to bind Winnfield, Lou-Ark Equipment Rentals, supra.
We will concede that a contract entered into by an agent, though voidable for lack of authority to act may be ratified by the principal. Rebman v. Reed, 286 So.2d 341 (La.1973). In the law of agency, ratification is the adoption by one person (Winnfield) of an act done on its behalf by another (Dulaney) without authority. It amounts to a substitute for prior authority.
Relative to the issue of Winnfield's ratification, we conclude that the burden of proof is on Roberson, and a clear and absolute intent to ratify Dulaney's acts must be shown by the facts. Sanders v. Rudd, 427 So.2d 1271 (La.App. 2nd Cir. 1983). The record in this case is absent of any facts which support any such ratification.
The legal rationale relied upon by the trial court is couched within the principle of actio de in rem verso, or unjust enrichment. The trial court concluded that the plaintiff carried its burden of proof and established the five necessary elements, of unjust enrichment, namely:
1. An enrichment
2. An improverishment
3. A connection between the enrichment and the impoverishment
4. Absence of legal justification for the enrichment and impoverishment
5. An absence of a remedy at law.
Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (La.1967) and G. Woodward Jackson Co., Inc. v. Crispens, 414 So.2d 855 (La.App. 4th Cir.1982). Considering the above mentioned elements, we are convinced after careful review of the record, that the equitable remedy of unjustified enrichment should not have been applied in this case.
The basic principle of an unjustified enrichment is that the plaintiff suffers an economic detriment for which he should not be responsible, while the defendant receives an economic benefit for which he has not paid.
*666 Justice Albert Tate, writing in the Tulane Law Review, stated that in practical terms the five conditions mentioned above mean that an impoverished plaintiff has a cause of action against an enriched defendant if:
"(i) the defendant receives an "enrichment" (an economic benefit received by his estate, whether by an addition to it or by a prevention of an economic detriment to it, without his furnishing compensation intended to be adequate for it);
(ii) the plaintiff has sustained an "impoverishment" (an economic detriment suffered by the plaintiff's estate, whether because of the loss of a previously acquired asset or because of the prevention of justified expectation of gain);
(iii) the enrichment and the impoverishment are connected (the economic benefit to the one patrimony results from the economic detriment to the other, either by direct transfer or indirectly through an intervening party, without any corresponding transfer of compensation intended to be adequate);
(iv) no legal cause justifies the enrichment (in the sense that no lawful contract or provision of law was intended to permit the enrichment or to prevent the impoverishment or to bar attack on the enrichment or the impoverishment); and
(v) no other legal remedy is practically available to the impoverished plaintiff by which the impoverishment might be or might reasonably have been avoided (this is the principle of "subsidiarity" by which the extraordinary remedy of unjustified enrichment, not provided by the Civil Code, is regarded as unavailable where another legal remedy could have prevented the impoverishment)."
Justice Tate,

The Louisiana Action for Unjustified Enrichment, 50 Tul.L.Rev. 883 (1976) and 51 Tul.L.Rev. 446 (1977).
The application of this principle is narrowed by the assignment of specific legal meaning to each of the elements which must be pleaded and proved. Tate, supra.
In the present case we find the record absent of sufficient facts which would cause this case to fall within the narrow limits of the doctrine's application. Thus, we reverse the decision of the trial court. Plaintiff fails or is negligent in establishing the most critical elements of the actio de in rem verso.
The court below found that the plaintiff could not collect on the open account because it had contracted with an agent which it knew did not have the authority to so contract. The reasons for this have been shown above. There is a rule of law, therefore, which prevents the plaintiff from collecting on the open account. An enrichment or impoverishment has legal justification when it flows from proper application of a rule of law. G. Woodward Jackson Co. Inc. v. Crispens, 414 So.2d 855 (La.App. 4th Cir.1982). Actio de in rem verso must be denied when the relief sought would subvert the purpose of a rule of law.
The purpose of the rule of law concerning the agent's authority to contract on behalf of the principal is to protect the principal from liability for contracts it does not wish or need and which may harm the principal. If courts allow third parties who deal with agents, without authority to collect from the principal, the principal could not be protected from the actions of agents even if he took affirmative action to protect himself.
The law has provided a remedy for the plaintiff here, that of the suit on the open account. Simply because the plaintiff has been prevented by a rule of law from collecting any money, this court should not allow it to recover in equity. The law has provided a remedy and has also provided a defense. No recourse to equity is needed.
The district court appears to have drawn deep into the civilian well and utilized the benefits derived from the language of Civil Code Article 21. The decision was rendered according to equity, but not in accord with positive law. Justice Tate further wrote that:
"More fundamentally, basing the action for unjustified enrichment on article *667 21 is open to valid intellectual criticism. While the wording of the article provides a tempting and convenient pigeonhole for the action, basing the action on "equity" and "natural law" violates the principle of Louisiana Civil Code articles 1760 and 2292. These limit the source of obligations to contracts, quasi-contracts, offenses, quasi-offenses, and obligations imposed by law (e.g., tutorship, neighborhood). By reason of these provisions, it is arguably unsound to say that the equity, natural law, and reason of article 21 are the sources of a judicially enforceable obligation."
For the foregoing reasons, the decision of the trial court is reversed. All costs of this appeal are to be paid by the plaintiffs.
REVERSED AND RENDERED.