WATKINS, Judge.
The dispositive issue in this suit on an open account is whether the trial court erred in finding that the person with whom plaintiff contracted had no apparent authority to act on behalf of the defendant-corporation.
Plaintiff, M & M Roustabout Service, Inc. (M & M), is an oil field contracting and equipment rental business. In November of 1985, M & M’s president, John Morgan, received a telephone call from a person who stated that Hydro-Kem Services, Inc. (Hydro-Kem), wanted to rent 100 feet of four-inch suction hose. That afternoon, Ralph Shumate, an oil field supervisor for Hydro-Kem, picked up the hoses in a Hydro-Kem truck and signed his name to the agreement to rent the hoses for $48.00 per day.
After sixty days, Mr. Morgan contacted Bill Bracken, a sales engineer for Hydro-Kem, to determine if Hydro-Kem was still using the hoses. Mr. Bracken, who was also Hydro-Kern’s comptroller, was unaware that Hydro-Kem had the hoses. Although Hydro-Kem had possession of the hoses for sixty days, Mr. Morgan advised Mr. Bracken he would reduce his demand for rental to thirty-three days. Mr. Bracken told Mr. Morgan he would speak to A1 Dampier, president of Hydro-Kem, about Mr. Morgan’s offer. After talking to Mr. Morgan, Mr. Bracken immediately returned to M & M five sections of hose which had been used on a recent job. Hydro-Kem then sent a check to M & M for the rental. However, Mr. Morgan did not cash the check because it was not for the full amount he had agreed to accept.
M & M then filed a suit on an open account against Hydro-Kem. Hydro-Kem answered, denying its employee’s authority to enter into the lease agreement. After *379 trial, the trial court found Ralph Shumate contracted with M & M for the rental of the hose and that he had no apparent authority to act on behalf of Hydro-Kem. The trial court dismissed M & M’s demands, and M&M appeals that judgment contending that the trial court erred in finding that Ralph Shumate did not have the apparent authority to act for Hydro-Kem.
Factual findings of the trial court should not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Considering the evidence of record we find no manifest error.
A corporation may be held to have ratified an unauthorized act when corporate personnel with the authority to bind the corporation acquire, or are charged with, knowledge of the unauthorized act and fail to repudiate it within a reasonable period of time. Dunham-Pugh Company v. Stephens, 234 La. 218, 99 So.2d 88 (1958). Where the principal has denied the agent’s authority and there is no proof the principal has ratified the agent’s act, the burden of proving apparent authority is on the person seeking to bind the principal. Byrd v. Cobbs, Allen & Hall Mortg. Co., Inc., 466 So.2d 587 (La.App. 5th Cir.1985).
Apparent authority is a doctrine created by the courts to protect persons dealing in good faith with corporate officials where the corporation has taken such action or inaction as to justify a belief that the official has acted with authority. The doctrine has two requirements: (1) the principal must make some form of manifestation to an innocent third party; and (2) the third party must reasonably rely on the purported authority of the agent as a result of the principal’s manifestations. Manuel Truck & Equip. Co. v. B.G. Hooker Pet. Transport, Inc., 430 So.2d 1367 (La. App. 3d Cir.), writ denied, 438 So.2d 568 (La.1983).
A person who deals with a corporation is chargeable with notice of the limitations and restrictions placed on it by statute and is generally bound to know whether or not a person who presumes to represent the corporation and acts in its name is authorized to do so. Byrd, supra.
The record in the present case reveals that Hydro-Kem and M&M had never transacted any type of business prior to M & M renting the suction hose to Ralph Shumate. In its answer Hydro-Kem denied Mr. Shumate’s authority to contract for it. Mr. Bracken and Mr. Dampier testified Ralph Shumate had no authority to enter into a lease agreement on behalf of Hydro-Kem. Since Hydro-Kem immediately returned the hose as soon as it learned of the unauthorized lease, it did not ratify the agreement. Consequently, M & M had the burden of proving Mr. Shumate had apparent authority to enter into the lease agreement for Hydro-Kem.
M&M argues someone purporting to represent Hydro-Kem telephoned about leasing the hose and that Mr. Shumate promptly picked it up that afternoon. It contends those facts are sufficient to show Mr. Shumate had the apparent authority to act on behalf of Hydro-Kem. We disagree. In order to find that a corporate employee has apparent authority, there must be a manifestation made by the corporation which indicates the employee has the authority to act. Mr. Shumate’s unauthorized actions are not manifestations made by Hydro-Kem. Accordingly, the trial court did not err in finding Mr. Shumate had no apparent authority to enter into the lease agreement on behalf of Hydro-Kem.[1]
For these reasons, the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.

. Although it may appear that Hydro-Kem was unjustly enriched, we note that the doctrine of unjust enrichment cannot be used to circumvent a properly applied rule of law. Roberson Ad. Service, Inc. v. Winnfieid Life Ins., 453 So.2d 662 (La.App. 5th Cir.1984). The equitable doctrine of unjust enrichment cannot be used to defeat the rule of law concerning apparent authority. Roberson, supra. Unjust enrichment is available only where there is no other remedy at law. Carter v. Flanagan, 455 So.2d 689 (La.App. 2d Cir.1984).