DUFRESNE, Judge.
This is a devolutive appeal by Mary Milton and Lynn Coker, defendants-appellants, from a judgment awarding Gregory Torto-rich, plaintiff-appellee, the sum of $2,500.00 for repairs to the roof of a twelve year old motor home. The trial judge concluded that Milton as owner, and Coker, although not record owner of the vehicle, made representations upon which Tortorich relied. We affirm.
Tortorich, the buyer, filed a petition seeking to either rescind the sale of a 1972 Dodge Winnebago Motor Home or to reduce the price in order to cover the cost of repair. Tortorich asserted Milton, the owner, sold the camper to him through her agent, Coker. He alleged there were numerous hidden defects rendering the camper unfit for use.
*1169 The trial judge concluded all alleged defects except for the defect in the roof were easily ascertainable by the purchaser. He did not rescind the sale but instead awarded $2,500.00 for repairs to the roof. He also concluded Tortorich had failed to maintain the camper in such condition as to minimize the damage.
As a result of the trial court’s judgment, defendants have appealed. Two issues are raised on appeal, namely:
1. Was Lynn Coker the agent in the sale of the camper, and
2. Did the trial court properly find that the roof leakage problem was a latent defect.
1. LYNN COKER’S STATUS:
Appellants contend the trial judge erred in concluding Lynn Coker was Mary Milton’s agent since Lynn Coker never represented to Tortorich she was (Milton’s) her mother’s agent and Tortorich never testified Lynn Coker was understood by him to be the agent. Appellants also assert the evidence shows T.M. Coker, Lynn Coker’s former husband, to be the agent.
We have held an agency relationship cannot be presumed; it must be clearly established. Roberson Advertising Service, Inc. v. Winnfield Life Insurance Company, 453 So.2d 662 (La.App. 5th Cir. 1984). It can be created “by implied appointment arising from apparent authority.” Id. at 665.
Our brothers in the Fourth Circuit have explained:
The essential test to determine whether implied agency exists is whether the principal has the right to control the conduct of the agent and whether the agent has the right and authority to represent or bond the principal. Craft v. Trahan, 351 So.2d 277 (La.App. 4th Cir.1977), writ refused 353 So.2d 1336 (La.1978). Apparent agency arises when the principal has acted in such a manner so as to give an innocent third party the reasonable belief that the agent has the authority to act for the principal. Davidson v. Board of Trustee, State Employees Group Benefit Program, 481 So.2d 708 (La.App. 1st Cir.1985); Jackson v. Wal Mart Properties, Inc., 452 So.2d 409 (La. App. 3rd Cir. 1984). Implied agency is established by the words and conduct of the parties and the circumstances of the case. An agency relationship may be created even though there is no intention to do so. Sales Purchase Corporation v. Puckett, 417 So.2d 137 (La.App. 2nd Cir.1982), writ denied 421 So.2d 250 (La.1982).
Anderson Window & Patio Co. v. Dumas, 560 So.2d 971 (La.App. 4th Cir.1990) at 975.
The trial judge heard contradictory testimony regarding whether an agency relationship existed between Lynn Coker, and her mother. He apparently attached greater weight to Tortorich’s testimony. We find no manifest error in the trial judge’s evidently concluding that an agency relationship existed as the record amply supports his conclusion.
Although Lynn Coker testified the agent for the sale was her former husband, T.M. Coker, Tortorich testified he was under the impression Lynn Coker owned the vehicle.
Tortorich stated Lynn Coker told him “what good times she had had with it and she had no problems with it at all.” He only became aware Milton was the owner on the date of the sale. The only dealings he had before, during, and after the purchase were with Lynn Coker.
It is not disputed that the vehicle was located at her home and it was her telephone number which was used in the advertisement.
2. LATENT DEFECT:
Appellants assert Tortorich was well aware of a roof problem before the sale since he testified he was aware the roof had been “fiberglassed.” They also contend the defective roof was an ascertainable observation on simple inspection.
Tortorich specifically testified he was assured by both Lynn Coker and T.M. Coker there were no problems with roof leaks.
At trial Tortorich was read his prior deposition testimony wherein he mentioned dis *1170 cussing with Lynn Coker having to get the roof fixed. However, he explained at trial he may have thought the question related to discussion after the sale rather than before.
Tortorich stated the roof leaked two to three days after the purchase, following a rain. He would not have purchased the vehicle had he known of the roof problem. Lynn Coker told him a wet spot in one of the cabinets was caused by her leaving bathing suits there for a couple of days and forgetting them.
Don Hartquist, Tortorich’s expert witness, testified a sagging ceiling panel and duct tape were “fairly obvious”. However, Tortorich stated he received assurances the roof had no problems.
Hartquist stated “[t]he roof had pin holes in it from electrolysis”. The moisture “creates electrolysis” eating away the aluminum. The roof could not be repaired, it needed replacement. It would cost $6,000.00 to replace the walls, roof and wood on the interior of the motor home.
In Darville v. Daigle Pontiac-Buick-GMC, Inc., 411 So.2d 502 (La.App. 1st Cir.1982) prior to the sale the buyer noticed water standing on the floor of the automobile. The salesman told him a car window had been left down. Thus, the salesman represented there was no leaking problem in the automobile. The buyer discovered the leaking problem approximately one week after the sale, following a rain. The trial judge found this to be a redhibitory defect and reduced the price of the automobile by $2,500.00. On appeal, the dealer argued plaintiff should be denied recovery since he saw the standing water. The Dar-ville court affirmed the award and reasoned at 504:
The trial judge apparently believed this version, and we have no reason to find him in error. Noticing water on the floor of an automobile does not create a defect nor does it put one on notice of a defect, when the presence of water is attributed to someone’s leaving a window down.
Similarly, the trial judge evidently believed Tortorich when he stated he had asked Lynn Coker whether there was any problem with the roof and she assured him there was none. Furthermore, a sagging ceiling in a 12 year old motor home coupled with assurances there are no roof problems, is insufficient to place Tortorich on notice of roof problems.
We find no abuse of the trial judge’s' discretion in attaching greater weight to Tortorich’s version of the facts.
Accordingly, for the reasons stated, the judgment is affirmed at appellants’ cost.
AFFIRMED.