590 So.2d 1286 (1991)
Randy D. BLAKELY
v.
William POWERS, d/b/a Cooper Marine Services and Dominic Bonfanti, d/b/a Cooper Marine Services.
No. CA 90 1693.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Gregory Miller, Baton Rouge, for plaintiff.
E. Wade Shows, Baton Rouge, for defendants.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action is a suit in contract for redhibition of the sale of a boat, outboard motor, boat trailer and troll motor. La.C.C. art. 2520 et seq. One of the defendants filed a pleading entitled "IMPROPER JOINDER OF PARTY" asserting he was not the owner of the things sold and was "[I]mproperly adjoined ... as a party defendant in these proceedings." After a hearing, the trial court ruled that the exceptor was "not a proper party defendant in this suit" and dismissed the exceptor from the proceedings. The plaintiff-buyer took this devolutive appeal.

PROCEDURAL FACTS
On June 29, 1989, the plaintiff-buyer, Randy D. Blakely, filed this redhibitory action. For this appeal, the pertinent portions of the petition are as follows:
The petition of Randy D. Blakely, domiciled in the Parish of East Baton Rouge, State of Louisiana, respectfully shows:
1.
Made defendants herein are:
A. William Powers, d/b/a Cooper Marine, a resident of the Parish of Livingston, State of Louisiana.

*1287 B. Dominic Bonfanti, d/b/a Cooper Marine, a resident of the Parish of East Baton Rouge, State of Louisiana.
2.
On June 22, 1988, petitioner bought from defendant a boat, motor and trailer rig, as shown by a copy of the Purchase Contract annexed hereto and marked as Exhibit "A" for identification, which boat, motor and trailer rig were purchased by plaintiff for use as a pleasure craft and object to satisfy his personal and intellectual gratification needs.
3.
The boat, motor and trailer rig were delivered to plaintiff on June 23, 1988, at which time defendant contractually agreed to make any necessary and proper repairs and/or replacements on the motor as shown by a copy of the extended service program annexed hereto and marked as Exhibit "B" for identification.
. . . . .
10.
Plaintiff has made numerous attempts to have defendant satisfactorily rectify the mechanical problems associated with this boat, motor and trailer to no avail.
11.
The mechanical problems of boat and motor were due to redhibitory vices and defects that were peculiarly within the knowledge of defendant as seller and service representative, and were unknown to plaintiff. These vices and defects rendered the boat, motor and trailer rig absolutely useless for the purpose for which it was purchased.
WHEREFORE, plaintiff, Randy D. Blakely, prays for judgment in his favor and against defendant, Cooper Marine:
I. Rescinding the sale of the 1986 Ranger boat, model #390V, serial # RNG9359B686; 1986 Mercury motor, model 200 H/P, serial # OA913716; 1986 Ranger trailer, model 390V, serial # 18WRT2024G1D17577; 1988 Brute Motor Guide trolling motor, serial #2H59401Q; by the defendant to the plaintiff; and
II. For loss of personal and intellectual gratification, pleasure and enjoyment, as well as for aggravation, inconvenience and loss of use, all in an amount as is reasonable under the premises.
III. For the sum of FIVE THOUSAND ONE HUNDRED SEVENTY-TWO AND 84/100 ($5,172.84) DOLLARS, representing the amount of down payment plus subsequent payments made by plaintiff, with TWELVE (12%) PERCENT annual interest thereon from date of judicial demand until paid, all costs of preservation of this suit, reasonable attorney's fees to be determined by this Honorable Court, and all costs of court.
The heading of the act of sale and mortgage (Exhibit "A") referred to in paragraph 2 of the petition provides as follows:
Mortgagor (and Co-Mortgagor)Name Vendor/Creditor (Seller Name
and Address (include Parish and and Address)
zip Code) Cooper Marine
Randy D. Blakely 311 Range Ave.
10854 Carmel Dr. Denham Springs, La.
Baton Rouge, LA 70818 70726
STATE OF LOUISIANA, PARISH OF Livingston
BE IT KNOWN THAT, on this 23rd day of the month June, 1988. Cooper Marine (Seller) hereinafter called the vendor and mortgagee, by William R. Powers/John C. Hancock (Representative of the Vendor) duly authorized to represent the vendor, for and in consideration of the price and sum hereinafter stipulated, *1288 does hereby sell, convey and deliver unto you, the purchaser and mortgagor, (and co-mortgagor, if any) Randy D. Blakely, domiciled in the Parish of EBR, State of Louisiana, here present, purchasing, accepting, and acknowledging due delivery thereof, the following described property to be located at 10854 Carmel Dr. (Street and Number), Baton Rouge (City or Town) in the Parish of EBR, State of Louisiana, under the agreements of this act of sale and mortgage. ("Mortgage" includes backs and fronts of parts A & B of this act of sale and mortgage.)
This document is signed by Blakely. The plaintiff-buyer specifically alleged that the owners and sellers of the property were William Powers and Dominic Bonfanti doing business as Cooper Marine.
On September 5, 1989, Powers filed his exception of "IMPROPER JOINDER OF PARTY" which alleged, in pertinent part, the following:
1.
Respondent shows that he is not an owner, principal, agent, director, officer, employee nor does [he] have any legal capacity with Cooper Marine.
2.
Respondent shows that Cooper Marine Services was at all times referred to in the petition owned by Davis & Hancock, Inc., a Louisiana corporation domiciled in the Parish of Livingston, State of Louisiana. Respondent is not an owner, principal, agent, director, officer, employee or shareholder of Davis & Hancock, Inc. having sold any and all interest that he may have had pursuant to agreement dated January 17, 1989.
On October 24, 1989, Blakely filed an amended petition that asserted the following:
"1.
Made defendants herein are:
A. Davis and Hancock, Inc. a domestic corporation, authorized to do, and doing business in this State; and
B. William Powers, a person of the full age of majority, and a resident and domiciliary of the Parish of Livingston.
1A.
Defendant, Davis and Hancock, Inc., was at all times relevant herein doing business, in an undisclosed capacity to the public, as Cooper Marine, a retail boating and pleasure craft outlet located in Denham Springs, Louisiana.
1B.
At all times relevant herein, defendant, William Powers, was a stockholder and officer of Davis and Hancock, Inc., who at no time disclosed his capacity as an officer and agent of the corporation to the plaintiff. To the contrary, he at all times represented himself as the owner of Cooper Marine, and therefore created the appearance that he was a sole proprietor doing business as Cooper Marine. Having failed to adequately disclose his status as an agent of the corporation, he remains personally liable to your petitioner for any and all damages alleged herein."
WHEREFORE, Randy D. Blakely, renews and reiterates all of the allegations (as amended herein), and all of the prayers (in accordance herewith) of his original petition, and prays:
I. For leave of court to file this amended petition; and
II. For all of the relief sought in his original petition, as amended herein, including judgment against the defendants, Davis and Hancock, Inc., and William Powers, in the same amount and kind as prayed for in his original petition and prayer. (Emphasis added)
The trial of the exception was held on November 20, 1989. The minute entry for that date shows that counsel for Blakely and Powers were present and "gave argument on this matter". The minute entry does not show that evidence was presented. Thereafter, the trial court took the matter under advisement. On March 19, 1990, the trial court issued written reasons that sustained the exception. A judgment sustaining *1289 the exception and dismissing Powers as a party defendant was signed on April 23, 1990.

NATURE OF THE EXCEPTION
La.C.C.P. art. 922 provides as follows:
Three exceptions and no others shall be allowed: the declinatory exception, the dilatory exception, and the peremptory exception. (Emphasis added)
Official Revision Comment (b)(2) for La. C.C.P. art. 922 provides as follows:
The above article eliminates the numerous specific exceptions available in Louisiana's armory of defensive weapons. While the courts seldom regard the label of the exception as sacramental, the number of exceptions available and the fine line of demarcation between the functions of several make the system too cumbersome and too technical. The reduction of the exceptions to three, and the specific enumerations as to what procedural objections may be raised by each are intended to simplify the system. See Arts. 925 through 927, infra. (Emphasis in original)
There is no exception of "IMPROPER JOINDER OF PARTY".
However, a pleading (such as an exception) is governed by its substance rather than what it is called. Belser v. St. Paul Fire & Marine Insurance Company, 542 So.2d 163 (La.App. 1st Cir.1989). A pleading should be construed for what it really is, not for what it erroneously is called. Acadiana Bank v. Hayes, 498 So.2d 275 (La.App. 1st Cir.1986). No technical forms of pleadings are required. La. C.C.P. art. 854. Every pleading shall be so construed as to do substantial justice. La. C.C.P. art. 865.
La.C.C.P. art. 923 provides as follows:
The function of the declinatory exception is to decline the jurisdiction of the court, while the dilatory exception merely retards the progress of the action, but neither exception tends to defeat the action. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.
Pursuant to La.C.C.P. art. 924, every exception "[S]hall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought." Powers has denominated his pleading as an exception of "IMPROPER JOINDER OF PARTY". Pursuant to La. C.C.P. art. 926(7), the objection of improper joinder of parties is a species of improper cumulation of actions and is an objection that may be raised through the dilatory exception. La.C.C.P. arts. 461 through 465 provide for the cumulation of actions.

OBJECTION OF IMPROPER JOINDER OF A PARTY
Blakely asserts "The trial court erroneously granted an Exception of Improper Joinder of Party, a non-existent exception, and otherwise dismissed the defendant when there is no procedural or substantive basis for the dismissal." Blakely contends that "Powers was acting as an undisclosed agent for a corporation ..." and this allegation "[S]tates a cause of action against him [Powers] because his failure to disclose his agency status renders him personally liable."
Powers asserts "[T]he dilatory exception urged before the district court was an imprecise procedural vehicle for its [sic] argument...." Powers contends that "[I]f the record discloses a substantive basis for the district court's dismissal of petitioner's action against William Powers, individually, then this court may affirm that dismissal." Powers then argues that the mere fact that he has been characterized as an undisclosed agent does not render him liable to Blakely as a matter of law or fact. Finally, Powers asserts that the act of sale and mortgage signed by Blakely shows that he [Blakely] "[H]ad actual knowledge of both Mr. Power's agency status and that his contractual agreement was with Cooper Marine."
Cumulation of actions is, among other things, the joinder of separate actions in the same judicial demand by a single plaintiff against one or more defendants. La. C.C.P. art. 461. The permissive joinder of two or more defendants in the same suit is governed by the rules regulating the cumulation *1290 of actions. La.C.C.P. art. 647. Two or more parties may be joined in the same suit as defendants if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure. La.C.C.P. art. 463. See, for example, First Guaranty Bank v. Carter, 563 So.2d 1240 (La.App. 1st Cir.1990).
On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La.C.C.P. art. 930. In the instant case no evidence was presented at the trial of the exception. Without evidence, our decision on the objection of improper joinder of parties must be based upon the facts alleged in the petition, as amended, and all allegations thereof must be accepted as true. Cf. Capital Drilling Company v. Graves, 496 So.2d 487 (La. App. 1st Cir.1986).
A review of Blakely's amended petition shows that he asserts a cause of action for redhibition against Davis and Hancock, Inc. and Powers. Blakely alleges that Davis and Hancock, Inc. is liable because it was the seller of the defective things and Powers is liable because he was an undisclosed agent (mandatary) for the seller. For purposes of the objection of improper joinder of parties,[1] these allegations are sufficient to meet the requirements of La.C.C.P. art. 463 and defeat the dilatory exception. The trial court ruling to the contrary is wrong.[2]
This assignment of error has merit.

DECREE
For the foregoing reasons, the judgment of the trial court sustaining the dilatory exception raising the objection of improper joinder of parties is reversed, and judgment is rendered in favor of Blakely and against Powers, overruling the exception. This action is remanded to the trial court for further proceedings according to law. Powers is cast for the cost of this appeal.
REVERSED, RENDERED AND REMANDED.
NOTES
[1] As previously indicated, in brief, Powers asserted that if the record disclosed a substantive basis for dismissal of the redhibition cause of action against him, we should affirm the trial court judgment. During oral argument, the issue was raised as to whether a buyer had a cause of action against an agent (mandatary) of a seller for redhibition. See, for example, Cipriano v. Superior Realty & Construction Corporation, 228 La. 1065, 84 So.2d 822 (1955); Tortorich v. Milton, 573 So.2d 1168 (La.App. 5th Cir.), writ denied, 575 So.2d 823 (La.1991); Pittman v. Kaiser Aluminum and Chemical Corporation, 559 So.2d 879 (La.App. 4th Cir.), writ denied, 563 So.2d 885 (La.1990); Hostetler v. W. Gray & Company, Inc., 523 So.2d 1359 (La.App. 2nd Cir.), writs denied, 531 So.2d 470, 471 (La.1988); Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982), writ denied, 427 So.2d 870 (La.1983); Davis v. Davis, 353 So.2d 1060 (La.App. 2nd Cir.), writ denied, 355 So.2d 549 (La.1978); LeBlanc v. Ellerbee Builders, Inc., 317 So.2d 1 (La.App. 1st Cir.1975); Wiltz v. Dixie Auto Sales, Inc., 315 So.2d 811 (La.App. 3rd Cir.1975); Ready v. Rhea, 222 So.2d 560 (La.App. 2nd Cir.1969). This court has authority to notice the objection of no cause of action on our own motion. La.C.C.P. art. 927; Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984). However, this issue was not briefed by the parties, and apparently was not addressed by the trial court. In this posture, we decline to exercise our discretion to notice it.
[2] Even if the trial judge was correct in sustaining the dilatory exception, he committed error by dismissing the suit against Powers. See La. C.C.P. arts. 464 and 933.