# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-1150 c/w 09-1473

**DEBRA BERGERON DUHON**

**VERSUS**

**PETRO "E", LLC, ET AL.**

\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF VERMILION, NO. 88120
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Jimmie  C. Peters, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Richard J. Dodson**
**Kenneth H. Hook, III**
**Brent P. Frederick**
**H. Price Mounger, III**
**One Maritime Centre**
**17405 Perkins Road**
**Baton Rouge, LA  70810**
**Counsel for Plaintiff-Appellant:**
        **Debra Bergeron Duhon**

**William W. Goodell, Jr.**
**P.O. Box 52663**
**Lafayette, LA  70505**
**Counsel for Plaintiff-Appellant:**
        **Debra Bergeron Duhon**

**Ronald W. Melebeck**
**124 North State Street, Suite 300**
**Abbeville, LA  70510**
**Counsel for Plaintiff-Appellant:**
**Debra Bergeron Duhon**

**John Michael Parker**
**Edward Daniel Hughes**
**P.O. Box 2471**
**Baton Rouge, LA  70821**
**Counsel for Defendant-Appellee:**
**The Dow Chemical Company**

**Robert E. Kerrigan, Jr.**
**David K. Groome**
**Francis J. Barry, Jr.**
**755 Magazine Street**
**New Orleans, LA  70130**
**Counsel for Defendants-Appellees:**
**Estis Well Service and Petro "E",  LLC**

**Eric E. Jarrell**
**Michael D. Roche**
**Rebecca H. Dietz**
**Michael J. Cerniglia**
**201 St. Charles Street, Suite 4500**
**New Orleans, LA  70170**
**Counsel for Defendant-Appellee:**
**ConocoPhillips Company**

**Morgan J. Wells, Jr.**
**Stephen M. Larzelere**
**Two Lakeway Center, Suite 1100**
**3850 N. Causeway Blvd**
**Metairie, LA  70002**
**Attorneys for Defendant-Appellee:**
**EnerQuest Oil & Gas, LLC**

**PAINTER, Judge.**

Plaintiff, Debra Bergeron Duhon, appeals the judgment granting Defendants' exception of prematurity and referring the case to the Department of Natural Resources. Finding that the action is not premature, we reverse and remand to the trial court for further proceedings.

## FACTS

On January 24, 2008, Plaintiff filed suit in the Fifteenth Judicial District Court for the Parish of Vermilion naming as Defendants Petro "E" L.L.C. (Petro), Estis Well Service, L.L.C. (Estis), Enerquest Oil & Gas, L.L.C. (Enerquest), ConocoPhillips Company, formerly Phillips Petroleum Company (Phillips), and the Dow Chemical Company (Dow). She sought damages for contamination of her property as a result of oilfield operations, including storage and disposal of toxic oil field wastes in unlined pits, on nine acres of property that she owns and lives on. She alleged that her nine acre tract was part of a former eighty acre tract previously leased for oil and gas exploration to Phillips. Plaintiff maintained that part of the nine acres was also subject to a surface facility lease and servitude to Phillips. She alleged that Defendants:

> conducted, directed and participated in various oil and gas exploration and production activities on plaintiff's property as lessee, sub lessee, operator and/or working interest owner/joint venturer in wells, SWDs, pits, tank batteries, flowlines, pipelines, processing facilities, treatment facilities, separation facilities, transportation facilities, and other facilities which have caused pollution related property damage on and/or adjacent to plaintiff's property. Plaintiff had no knowledge of and first learned of the possibility of pollution and the related pollution claims asserted herein after a September 2007 spill which plaintiff reported to The Louisiana Department of Environmental Quality (LDEQ). LDEQ has done nothing to address plaintiff's concerns or to effect proper cleanup of the lease premises. The above named defendants at various times owned and operated certain wells and facilities located on and/or adjacent to plaintiff's property. . . .

1

She further alleged that the leases affecting the property required restoration of the property to its original condition and that upon expiration of the leases, no restoration took place. Additionally, she alleges that Defendants knew of and concealed from her the toxic and hazardous nature of the waste stored and buried on her property.

Estis filed a dilatory exception of vagueness and ambiguity. Phillips field dilatory exceptions of lack of jurisdiction or improper venue, non-conformity of the petition with the requirements of La.Code Civ.P. art. 891, vagueness, improper cumulation and joinder and prematurity and/or want of amicable demand. Enerquest filed dilatory exceptions of lack of subject matter jurisdiction, non-conformity of the petition with the requirements of La.Code Civ.P. art. 891, vagueness or ambiguity of the petition, want of amicable demand, improper cumulation of actions, and prematurity. Dow filed a declinatory exception of lack of jurisdiction based on the primary jurisdiction of the Louisiana Department of Natural Resources, dilatory exceptions of prematurity, non-conformity of the petition with the requirements of La.Code Civ.P. art. 891, vagueness or ambiguity, improper cumulation of actions, and peremptory exceptions of no cause or right of action and no cause of action for punitive damages under La.Civ.Code art. 2315.3.

After a hearing on the exceptions, the trial court entered judgment granting the exception of prematurity and the exception of lack of subject matter jurisdiction, referring the case to the Louisiana Department of Natural Resources "for review and such agency action as may be appropriate in advance of further consideration by this Court of the allegations of substandard conditions and/or non-compliance raised

2

herein." Plaintiff filed both an application for writs and a motion for appeal. The two were consolidated for disposition by this court.

## DISCUSSION

*Subject Matter Jurisdiction*

Plaintiff asserts that t. he trial court erred in granting the exception of subject matter jurisdiction and in referring the matter to the Department of Natural Resources On appeal and at the trial court hearing on the exceptions, Dow asserts that under La.R.S. 30:29, also referred to as Act 312, subject matter jurisdiction in this matter is discretionary with the trial court, which may refer the matter to the Department of Natural Resources at any time. We disagree.

The Louisiana Supreme Court discussed the application of La.R.S. 30:29 which governs the "[r]emediation of oilfield sites and exploration and production sites," in *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 31 (La. 7/1/08), 998 So.2d 16, 37 (emphasis added):

> Act 312 does not divest the district court of original jurisdiction. . . . . [**N**]**ot only is the claim for environmental damages filed in the district court, the claim is not deferred to DNR until the district court determines environmental damage exists and further determines the legally responsible party.** La.Rev.Stat. § 30:29(C)(1). Moreover, the district court is not required to adopt the plan approved by the administrative agency, and further retains jurisdiction to compare the various proposed plans, whether proposed by a party or the administrative agency, and determines which plan is "a more feasible plan to adequately protect the environment and the public health, safety, and welfare." La.Rev.Stat. § 30:29(C)(5).

Contrary to Defendant's argument that the district court retains the discretion to send such cases to the Department of Natural Resources, in the *M.J. Farms, Ltd.* case, however, the Louisiana Supreme Court made it clear that it is the job of the district court to determine whether environmental damage exists and who the legally

3

responsible party or parties are prior to referral to the Department of Natural Resources.

We further reject Defendants' argument that the Department of Natural Resources has primary jurisdiction. The jurisprudence cited by Defendants predate the enactment of La.R.S. 30:29 which plainly sets forth a procedure whereby litigation is filed in the district court and remains there until "a party admits liability for environmental damage or the finder of fact determines that environmental damage exists and determines the party or parties who caused the damage or who are otherwise legally responsible therefor." The statute allows for intervention by the Department of Natural Resources or for an independent enforcement action but makes no provision for a referral to the Department of Natural Resources by the district court prior to the determination of environmental damage and the responsible parties.

Accordingly, we reverse the trial court's grant of the exception of lack of subject matter jurisdiction.

*Prematurity*

Defendants argument with regard to prematurity all center on Plaintiff's alleged failure to show that the leases have expired. Dow, however, admits that it has no current leases on the property. Defendants argue that the law and the surface lease provide that no restoration is due until termination of the lease. Additionally, they argue that the mineral lease to Phillips requires notice in paragraph 11 which states:

> In the event that Lessor at any time considers that operations are not being conducted in compliance with this lease, Lessor shall notify Lessee in writing of the facts relied upon as constituting a breach hereof, and Lessee, if legally required to conduct operations in order to maintain the lease in force, shall have sixty (60) days after receipt of such notice in which to commence the necessary operations to comply with the requirements hereof.

4

As evidenced particularly by the language requiring operations "to maintain the lease in force," this paragraph contemplates a breach of a lease which is in effect and has not been terminated.

The Louisiana Supreme Court in *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 07-0008, 07-0016, pp. 8 (La. 9/5/07), 966 So.2d 519, 525, explained the burden of proof in an exception of prematurity:

> In the instant case, the defendant hospital, which has the burden of proof as the exceptor, has chosen to rely on the allegations as set forth in the plaintiffs' original and first supplemental and amending petitions, because the defendant put on no other evidence at the trial. Where no evidence is presented at trial of a dilatory exception, like prematurity, the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true. *Blakely v. Powers*, 590 So.2d 1286, 1290 (La.App. 1st Cir.1991).

As in *LaCoste*, Defendants herein, in urging their exception of prematurity, relied on the allegations of Plaintiff's petition. That petition asserts that the leases, both surface and mineral, have expired. The leases are attached but nothing in the record shows whether they have expired or not.

However, since Defendants, as exceptors, had the burden of proof and did not introduce any evidence to show that the leases had not expired, the trial court erred in failing to render its decision based on the facts as alleged in the petition. Therefore, we reverse the finding that the suit was premature.

**CONCLUSION**

For these reasons, the judgment of the trial court granting the exceptions of prematurity and lack of subject matter jurisdiction are reversed. This matter is remanded to the trial court for further proceedings in keeping with this court's opinion herein. Costs of this appeal are assessed to Appellees.

**REVERSED AND REMANDED.**

5