144 So.2d 683 (1962)
Eugene J. GIBERT, Jr., d/b/a Architectural Products Company
v.
Preston COOK.
No. 390.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Lemle & Kelleher, Carl J. Schumacher, Jr., Dermot S. McGlinchey, New Orleans, for plaintiff-appellant.
Frank C. Gipson, New Orleans, for defendant-appellee.
Before McBRIDE, HIMEL and LANDRY, JJ.
S. O. LANDRY, Judge ad hoc.
This is a suit by Eugene J. Gibert, Jr., doing business as Architectural Products *684 Company, to collect the amount of $1,693.90 from the defendant, Preston Cook, on a contract for ten Portabilt cabinets installed in Mr. Cook's kitchen.
Mr. Gibert and Mr. Cook entered into a written contract for the remodeling of Mr. Cook's kitchen. The installation of thirteen cabinets was contemplated but after ten cabinets had been installed, Mr. Cook was not satisfied with the manner in which the work was being done and ordered Mr. Gibert not to proceed further.
The contract price for all the cabinets was $2,184.00. Mr. Gibert is suing only for the ten cabinets and other items that he installed.
After discussion of the disagreement, which was to no avail, the defendant had the cabinets removed, placed them in storage and had another contractor install a new set of cabinets. He claims that the cost of removing plaintiff's cabinets was $132.00. He filed a reconventional demand therefor.
The specific complaint that the defendant had about plaintiff's cabinets was that they did not fit the space on the kitchen walls where they were installed and that as a result the plaintiff had cut over two inches into the window trim and planned to cut over three inches from the trim on the other side of the window. When the defendant discovered this, he ordered the plaintiff to discontinue the installation.
He contends that the cabinets and their installation were not in accordance with the terms of the contract because he contracted for cabinets that would fit the available space, and these did not.
On the other hand, the plaintiff contends that the contract called for Portabilt cabinets as manufactured by the Mutchler Company, which are standard objects, and that these are the cabinets he furnished. These cabinets are ready-built and have predetermined sizes. They come only in increments, or mutliples, of three inches; that is, one may get a cabinet of 12", 15", or 18", etc., but none in between these dimensions. This being so, he contends there was no way to install one of the corner cabinets without cutting into the window trim as he did. The cabinet was slightly longer than the space available between the corner and the trim.
The case went to trial on these issues and the Court found that the contract sued upon was invalid for the lack of a meeting of the minds of the parties. The Court disallowed plaintiff's claim. And, finding that the defendant had not given plaintiff the opportunity to remove the cabinets, it likewise refused to allow defendant's reconventional demand.
The plaintiff is appealing from this judgment and the defendant has answered the appeal seeking the allowance of his reconventional demand.
The lower Court found that Mr. Gibert knew that the window trims would have to be cut to fit the cabinets and failed to disclose this fact to Mr. Cook, and that Mr. Cook would not have contracted had he known that the window trims would have to be cut. Both gentlemen admitted these conclusions in their testimony.
The Court reasoned that the fitting of the cabinets without cutting the window trims was the principal cause, or motive, of the contract and that the parties had not agreed thereon, so there was not a meeting of the minds. It declared that the contract was not enforceable.
Mr. Cook owns his home and it was referred to by some of the witnesses as a quality home. He and Mrs. Cook appear to be proud of it and anxious to maintain it in a faultless condition. The cutting of the trims would have marred, to some extent, the appearance of their kitchen, especially that more had to be cut away from one side of the window than from the other. Their pride is demonstrated by the fact that they had the damaged trim replaced *685 and had another set of cabinets installed at a considerable increase in price. These cabinets were custom-built and fit.
Therefore, the conclusion that perfectly fitted cabinets was the principal cause, or motive, of the contract was justified under these circumstances.
When there is error in the principal cause, or motive, of a contract by one of the parties to it, the contract is invalid.
Article 1825 of our LSA-Civil Code provides:
"The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made."
Lack of consent is called error.
See LSA-C.C. Article 1819.
Mr. Cook also complained of two other faults: That the shelves in the cabinets could not be removed as it was intended that they should be because of the faulty installation of the cabinets in that the doors would not open wide enough, and that the cabinets that were intended to line up with the Frigidaire did not do so.
Mr. Gibert testified on rebuttal that his work had not been completed when Mr. Cook stopped him and that these complaints would have been corrected before completion. No weight therefore can be given to these complaints.
On Mr. Cook's reconventional demand, the lower Court held that he had not given the plaintiff an opportunity to remove the cabinets so that he could not recover for this expense. We find no manifest error in this holding.
Judgment is therefore affirmed.
Affirmed.