308 So.2d 860 (1975)
Jack C. POLLARD
v.
Lionel R. INGRAM, Sr.
No. 6639.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
*861 Mmahat, Gagliano, Duffy & Giordano, Jerald L. Album, Metairie, for Jack C. Pollard, plaintiff-appellant.
John J. Maxwell, Metairie, for Lionel R. Ingram, Sr., defendant-appellee.
Before BOUTALL, SCHOTT and MORIAL, JJ.
BOUTALL, Judge.
This suit arises from an alleged contract that was formed between Ingram and Pollard concerning a 21 day tour of Europe. The trial judge found that no contract had been formed and therefore no money was due Pollard; we affirm that judgment.
After saving enough money to go to Europe, Mr. and Mrs. Ingram began looking into the possibilities of joining a tour. An acquaintance of theirs, Mrs. Musso, told them that she and her daughter were going on a tour sponsored by Mr. Pollard's travel agency. Ingram obtained the details of the trip from Mrs. Musso and paid her $125.00 in deposit money to secure them a place on the tour. Mr. Ingram received no travel brochures from Pollard and in fact had no contact with anyone from Pollard's travel agency prior to leaving for Europe.
Ingram suffers from a chronic heart disease and was under the care of a doctor at *862 the time this trip was planned. Ingram checked with his doctor to see if it would be alright to make this trip, telling him the same details that Mrs. Musso had related to him earlier. The doctor told Ingram that the trip would probably not cause him any difficulty. Ingram and the doctor were both laboring under the impression, derived from Mrs. Musso, that this tour was to be an airplane tour. When Ingram arrived in Europe he discovered that the tour was scheduled to include a 2,400 mile bus trip as the principal means of transportation in Europe. Ingram spent 7 days in Europe before being forced to return to the United States due to ill health caused by the bus trip. He was required to pay $490 for air transportation from Amsterdam to Houston for himself and his wife despite a written request by the tourmanager that they be furnished free transportation back home.
The total tour price was $1,596.00; Ingram had paid Pollard a $125 deposit and the European tour agents refunded to Pollard $200 for the unused portion of Ingram's hotel and travel arrangements. No credit was given for the return air transportation although the tourmanager told the Ingrams such credit would be given. Pollard's suit is in contract for the unpaid tour price of $1,271.00.
Although Ingram and Pollard never had any sort of face to face agreement or formal, written contract, we believe that an agreement was reached using Mrs. Musso as an unofficial agent. We feel this agreement would have been sufficient had not there been an error as to the principal cause of the contract, namely the mode of transportation.
The evidence shows that the principal cause of the agreement was the method of transportation. As we see it, any person going on a trip is concerned primarily with two things, where is he going and how is he going to get there and back. We believe the record indicates that Ingram would not have agreed to the tour had he known of the 2,400 mile bus trip. R.C.C. articles 1823, 1824, 1825; Cryer v. M & M Manufacturing Company, Inc., 273 So.2d 818 (La. 1972); Gibert v. Cook, 144 So.2d 683 (La.App. 4th Cir. 1962); Kardis v. Barrere, 17 La.App. 433, 136 So. 135 (La. App. Orl.Cir. 1931).
In the alternative Mr. Pollard asks us to consider his claim on the basis of quantum meruit. We cannot do this for two reasons. First, in order to grant a judgment in quantum meruit sufficient evidence must be presented to show the amount of funds expended by the claimant in rendering the service. Our review of the record discloses no evidence upon which Pollard could hope to obtain an award for any services rendered. Secondly, the case of Bosworth v. New Orleans Federal Savings and Loan Assoc., 258 So. 2d 191 (La.App. 4th Cir. 1972), does not allow issues such as claims of quantum meruit to be raised for the first time on appeal, as Pollard is attempting to do here. Pollard neither amended his petition to include a prayer for quantum meruit nor did he ask that his petition be amended. Viewing the record as a whole we cannot say that Pollard's introduction of evidence in any way broadened the pleadings to include a prayer for quantum meruit relief.
This court finds it difficult to believe that a man would go to the trouble of finding out from his doctor if he was able to make a long trip and then not go to the trouble of ascertaining exactly the mode of transportation to be used on that trip. However, the state of the record leaves us no alternative, we must affirm the judgment of the lower court and at appellant's cost.
Affirmed.