LOTTINGER, Judge.
This is a suit for insurance proceeds allegedly due under a policy of life insurance issued to the late Robert H. Abney, Sr. *439 The suit was filed by Imogene Sweeney Abney, wife of the deceased, against Continental Casualty Company, a foreign insurance corporation. From a default judgment in favor of the plaintiff, the defendant brought this devolutive appeal.
The thrust of the defendant’s contention on appeal is that Mrs. Abney failed to prove by a preponderance of the evidence her entitlement to double indemnity proceeds of $75,000.00 under the insurance policy. Among other things, Continental claims that Mrs. Abney failed to show that she was the beneficiary under the insurance policy.
A presumption of correctness attaches to a default judgment. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). However, this is only a prima facie presumption which may be overcome by evidence or the lack thereof in the record. Ashy v. Cosmopolitan Credit & Investment Corporation, 365 So.2d 1171 (La. App. 3rd Cir. 1978). This record contains in addition to the pleadings the transcription of the testimony taken at the confirmation of the default judgment.
Mrs. Abney alleged in her petition, and testified at trial, that she was the wife of Robert H. Abney, Sr. and that she was his universal legatee under Mr. Abney’s last will and testament. However, nowhere in her petition and nowhere in the testimony taken at the confirmation of default was there anything to show that Mrs. Abney was the beneficiary under the insurance policy. The fact that she is her husband’s universal legatee under his last will and testament does not necessarily make her the beneficiary under the insurance policy. Likewise, no evidence was introduced to show that Mr. Abney’s estate was named his beneficiary under the insurance policy. There is simply a lack of evidence in the record to show who is the beneficiary under the policy.
To make out a prima facie case for recovery of insurance proceeds under a life insurance policy, the plaintiff seeking the benefits must show that he or she is entitled to the proceeds by virtue of being the beneficiary or by being entitled to the proceeds in some other manner. This Mrs. Abney has failed to do. It is well settled in Louisiana that insurance law is sui generis and, as such, an insurance contract is not subject to the ordinary rules which govern dispositions mortis causa.
With the reversal, this matter is now in the same posture as if the confirmation of default had never been taken, and “the defendant may file his answer at any time prior to confirmation of a default judgment against him.” La.C.C.P. art. 1002.
Therefore, for the above and foregoing reasons, the decision of the trial court is reversed. This case is remanded for further proceedings consistent with the views expressed herein. Assessment of costs of this appeal and of the trial court proceedings will await the outcome of this case on remand. REVERSED AND REMANDED.