712 So.2d 1052 (1998)
G.A. BLANN d/b/a Captain G.A. Blann & Company and A.K. Suda & Associates, Inc.
v.
Hugh D. ALDIGE.
No. 97-CA-1080.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
*1053 Richard M. Ireland, Jr., Metairie, for plaintiff-appellant.
John B. Donnes, III, Metairie, for defendant-appellee.
Before GRISBAUM, C.J., and DUFRESNE and CANNELLA, JJ.
GRISBAUM, Chief Judge.
The plaintiffs, G.A. Blann d/b/a/ Captain G.A. Blann & Company (Blann) and A.K. Suda & Associates, Inc., (Suda) appeal the judgment of the trial court in favor of the defendant, Hugh D. Aldige, denying plaintiffs their alleged damages. We affirm.

ISSUES
The issues presented are:
1) Whether an oral contract for services existed between the plaintiffs and the defendant, and
2) Whether the plaintiffs are entitled to payment for their services under the theory of unjust enrichment.

FACTS AND PROCEDURAL HISTORY
This suit is for an open account allegedly owed to Blann and Suda by Hugh D. Aldige (Aldige). Blann was contacted for services as an expert witness by Frank D'Amico (D'Amico) regarding a maritime case for a client, Rick Templin. D'Amico was the trial attorney for the case once Aldige referred the case to him and Aldige was co-counsel. Aldige testified that D'Amico handled matters concerning expert testimony; however, Aldige did issue a $950.00 check to Blann for either an expert report (per defendant) or as a retainer fee (per plaintiff).
Blann contacted Suda to perform the necessary work regarding the case, which Suda completed. The work included two expert reports, inspecting the vessel in Japan, and giving his deposition. As of an agreement dated March 31, 1994, Blann transferred and assigned all his interest in D'Amico's account to Suda. A judgment against D'Amico's bankruptcy estate was obtained from the Bankruptcy Court; however, no payment has been received.
The plaintiff now seeks payment from Aldige based on an alleged oral contract between Blann and D'Amico for which he alleges the defendant, Aldige, is personally liable. Neither Blann nor D'Amico testified at trial.
The trial court found that the plaintiff failed to establish an oral contract between Aldige and Blann and that Aldige was not personally liable for the outstanding expert fee owed to the plaintiff, Suda. It is this judgment from which the plaintiff appeals.

ISSUE ONELAW AND ANALYSIS
The appellant, Suda, contends that an oral contract existed between himself and the appellee, Aldige, which makes Aldige personally liable to him for the outstanding expert fee. The trial court found no such contract. This is a finding of fact which may not be disturbed on appeal unless it is clearly wrong. Belgard v. Collins, 628 So.2d 1254 (La.App. 3rd Cir.1993).
The applicable law is as follows:
"The burden is on the plaintiff to prove a verbal contract, the basis of the suit." ...
"A contract arises only where both parties thereto have agreed to its terms." ...
"Where testimony clearly establishes that minds of both parties to contract did not meet touching primary matters involved, *1054 consent was absent and contract is invalid." ...
Becnel v. Montz, 384 So.2d 1015, 1016 (La. App. 4th Cir.1980) (quoting E. Levy and Co. v. Shreveport Plumbing Co., 108 So.2d 810, 812 (La.App. 2d Cir.1959)) (citations omitted).
The documents submitted indicate that appellant contract regarding the terms of his services were handled by D'Amico. The testimony of Aldige also indicates D'Amico handled matters involving the expert testimony and that he was responsible for paying the appellant. Furthermore, the correspondence indicates there was a dispute between D'Amico and the appellant regarding the cost of appellant's fees. Lastly, the appellant has already obtained a judgment against D'Amico for their outstanding fees.
Therefore, after a thorough review, we find no clear error in the trial courts finding.
Finally, the appellant's argument that Aldige is liable under the principle that D'Amico was acting as his agent is without merit. Aldige testified the agreement between him and D'Amico was for D'Amico to pay the expert fees. The Bankruptcy Court found that D'Amico had an outstanding debt for these fees. The trial court also found Aldige to be credible and believed his testimony that D'Amico was responsible for payment of these fees. Ergo, reasonable evaluations of credibility should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La. 1989). Therefore, Aldige is not liable to the appellant under the theory of mandate.

ISSUE TWOLAW AND ANALYSIS
Appellant next contends he should recover his fees from Aldige under the theory of unjust enrichment. Issues such as claims of quantum merit cannot be raised for the first time on appeal. Pollard v. Ingram, 308 So.2d 860 (La.App. 4th Cir.1975). We do not see any indication the appellant raised this issue before this appeal; however, we will address it finding that it lacks merit.
"A party making a claim for unjust enrichment must show: (1) an enrichment; (2) an impoverishment; (3) a rational connection between the enrichment and the impoverishment; (4) the lack of justification or cause for enrichment; and (5) the absence of any other legal remedy." Belgard at 1257 (citation omitted). The appellant fails to establish all the elements required for unjust enrichment. We find that he has another legal remedy, that being the judgment against D'Amico's bankruptcy estate for these services. Thus, appellant lacks the fifth element, the absence of any other legal remedy.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.