750 So.2d 284 (1999)
J. CALDARERA & COMPANY, INC.
v.
LOUISIANA STADIUM & EXPOSITION DISTRICT, et al.
No. 99-CA-787.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1999.
Writ Denied March 17, 2000.
*285 Lloyd N. Shields, Daniel Lund, III, Thomas W. Glass, New Orleans, Louisiana, Attorneys for Appellant.
Thomas J. Capella, Jack M. Capella, Metairie, Louisiana, Attorneys for Appellees.
Panel composed of Judges H. CHARLES GAUDIN, CHARLES GRISBAUM, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
This matter arose when Plaintiff/Appellant J. Caldarera & Company, Inc. ("Caldarera") submitted a bid to be named the prime contractor on the "Jefferson Baseball *286 Park" project and alleges that its bid was accepted by defendants/appellees Louisiana Stadium & Exposition District ("LSED") and Mark Delesdernier. When LSED denied having accepted Caldarera's bid on the project and attempted to reopen the bidding, Caldarera filed suit for breach of contract. Subsequently, LSED filed for and was granted a summary judgment. Caldarera appeals the trial court's judgment on the grounds that there are material issues of fact in dispute concerning the alleged oral contract entered into between the parties. For the following reasons, we affirm the judgment of the trial court.
On June 29, 1995, LSED began taking bids from general contractors for the construction contract of the "Jefferson Baseball Park" project. Dennis Cowart, the project architect from the firm of Perez, Ernst, Farnet, handled all of the bids. When the bidding was complete, Gootee Construction, Inc. produced the lowest bid and Caldarera produced the second lowest bid. All of the bids submitted, however, were in excess of the budget for the project.
On July 7, 1995, Mr. Cowart informed the board of directors of LSED that all bids were in excess of the budget and recommended that the general contractor with the lowest bid be allowed to value engineer the project to bring the bid within the budget. The bid of Gootee Construction was under investigation because it did not contain a bid on the fifth addendum to the contract and was therefore illegally low. Caldarera's bid then became the lowest and it began to value engineer the project to determine if it could be accomplished within the budget.
On August 28, 1995, a special meeting of the LSED was conducted at which time LSED rejected all bids on the recommendation of its architect advisor, Coleman Brown. Mr. Brown advised LSED that the value engineering proposed by Caldarera instituted significant changes in the scope of the work and should not be accepted. Mr. Brown also advised LSED that there could possibly be a problem awarding the bid to any of the general contractors because of a complaint lodged by Gootee Construction over the timeliness of the bid package. Based on these recommendations, LSED rejected all bids for "just cause" as defined in LSA-R.S. 38:2214(B).
On August 30, 1995, Caldarera filed a petition for declaratory judgment, for preliminary and permanent injunctions and for writ of mandamus, or, alternatively, action for breach of contract and for damages. This was an attempt by Caldarera to prevent LSED from re-opening the bidding on the project. On October 17, 1995, the preliminary injunction and the writ of mandamus were denied by the trial court. LSED filed a motion for summary judgment on January 27, 1999. A hearing was held on the motion for summary judgment on March 3, 1999 before the Honorable Fredericka H. Wicker of the Twenty-Fourth Judicial District Court. After hearing oral arguments and reviewing the pleadings and evidence, the trial court granted the motion for summary judgment in favor of LSED, dismissing Caldarera's suit. Caldarera filed a motion for devolutive appeal on March 11, 1999. The judgment was signed on March 15, 1999. The matter is now before this Court for review.

LAW AND ANALYSIS
Caldarera alleges two assignments of error on appeal. In its first assignment of error, Caldarera alleges that the trial court erred in granting the motion for summary judgment filed by LSED because there are several genuine issues of material fact in dispute regarding whether a contract existed between Caldarera and LSED. In its second assignment of error, Caldarera alleges that the trial court erred in applying the legal principles governing the formation of contracts. It is the opinion of this Court that the trial court did not err in its ruling and the summary *287 judgment in favor of LSED must be affirmed.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4]
In its first assignment of error, Caldarera alleges that the trial court erred in granting the motion for summary judgment filed by LSED because there are several genuine issues of material fact in dispute regarding whether a contract existed between the parties. The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions.[5] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law."[6] A material fact is one that would matter on the trial of the merits.[7]
Caldarera alleges that it was awarded the construction contract by project architect Dennis Cowart and that two letters of correspondence entered into evidence support this claim. Caldarera alleges that the issues of fact raised by these two letters should defeat the summary judgment motion. The first letter was dated July 25, 1995 and was sent from Dennis Cowart to Joe Caldarera. In this letter, Mr. Cowart informed Caldarera that it was the apparent low bidder on the project and that LSED intended to award the construction contract to Caldarera pending a successful effort to bring the base bid within the budget guidelines. The letter does not affirmatively award the contract to Caldarera. Furthermore, Mr. Cowart is not an authorized agent of LSED and would not be able to award the contract even if that was his intention.
The second letter was dated August 8, 1995 and was sent from architect Walter Ernst of Perez, Ernst, Farnet to LSED attorney Jack Capella. In this letter, Mr. Ernst informed Mr. Capella that in his opinion, Caldarera could build the project within available funds, with the contract award subject to certain conditions. This letter is not an affirmative award of the contract to Caldarera. Mr. Ernst is not a legal representative of LSED and his communications to Mr. Capella do not carry the weight or authority to bind LSED to a contract with Caldarera.
The content of the two letters do not present material issues of fact which would preclude a summary judgment. Absent a finding of a valid contract between the *288 parties, the summary judgment must be affirmed.
In its second assignment of error, Caldarera alleges that the trial court erred in applying the legal principles governing formation of contract. A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished.[8] There are four necessary elements for a valid contract: capacity, consent, object and lawful cause.[9] In other words, the parties must have the capacity to contract and give their consent freely for a certain object, and the contract must have a lawful purpose.[10] Both parties must be bound in order for there to be a contract.[11]
The first element for a valid contract is capacity. All persons have capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting.[12] All parties to this suit had the capacity to contract. LSED mistakenly uses the term "capacity" when addressing Mr. Cowart's authority to contract with Caldarera. The first element for a valid contract has been met by all parties.
The second element for a valid contract is consent. A contract is formed by the consent of the parties established through offer and acceptance.[13] The burden is on the plaintiff to prove a verbal contract, the basis of the suit.[14] A contract arises only where both parties thereto have agreed to its terms.[15] Where testimony clearly establishes that minds of both parties to contract did not meet touching primary matters involved, consent was absent and the contract is invalid.[16]
This is the main issue in dispute in this matter. There is no written contract between the two parties. Caldarera bases its reliance on an alleged oral agreement with project architect Dennis Cowart. Caldarera alleges that LSED consented to the contract through the authority of Mr. Cowart. LSED responds by alleging that Mr. Cowart had no authority to make an offer to Caldarera and therefore there is no consent between the parties. LSED also alleges that even if Mr. Cowart would have had authority to bind it in a contract with Caldarera, there was no express meeting of minds between Mr. Cowart and Caldarera to form consent to the contract.
Under Louisiana law, an agency relationship is created by either express appointment of a mandatory under Civil Code article 2985 or by implied appointment arising from apparent authority.[17] An agency relationship cannot be presumed, it must be clearly established.[18] Caldarera bases its theory of consent on the supposition that Mr. Cowart had the apparent authority to bind LSED to the contract through an implied agency relationship. Apparent authority is a doctrine by which an agent is empowered to bind his principal in a transaction with a third person when the principal has made a manifestation to the third person, or to the community which the third person is a member, that the agent is authorized to engage in the particular transaction, although *289 the principal has not actually delegated this authority to the agent.[19] For the third party to hold the principal liable under the doctrine of apparent authority, it must show a reliance on the conduct of the principal and a change of position on its part that it would be unjust to allow the principal to deny the agency.[20]
Caldarera has not proven that Mr. Cowart had the apparent authority to contract for LSED. LSED never made any manifestation to Caldarera or to any other general contractors that its project architect was authorized to enter into contract negotiations on LSED's behalf. Lacking the consent of LSED or any of its authorized representatives, there could not be a valid contract between the parties and summary judgment in this case was appropriate.
The third element for a valid contract is that it be a determinable object. Parties are free to contract for any object that is lawful, possible, and determined or determinable.[21] The object of a contract must be determined at least as to its kind.[22] The object of the contract was the construction of the "Jefferson Baseball Park." The third element for a valid contract has been met by the parties.
The fourth element for a valid contract is that it be for a lawful cause. An obligation cannot exist without a lawful cause.[23] The contract was for the purpose of constructing a baseball park, which is a lawful cause. The fourth element for a valid contract has been met by the parties.
Caldarera has proven capacity, object and cause. It has not proven consent. Without the consent of LSED or any authorized representative, there can be no contract.
In summary, Caldarera has failed to prove that there are any genuine issues of material fact in dispute that would warrant a reversal of the summary judgment. Caldarera has failed to prove that LSED or any of its authorized representatives agreed in principal to an oral contract between the parties. Without the consent of LSED, there is no valid contract. The judgment of the trial court must be affirmed.
AFFIRMED.
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5th Cir. 5/28/96), 675 So.2d 1191; writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348; citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.
[2] Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5th Cir. 4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] Tonubbee v. River Parishes Guide, 97-440 (La.App. 5th Cir. 10/28/97), 702 So.2d 971; writ denied, 97-3012 (La.2/13/98), 709 So.2d 747.
[6] Id. at 974.
[7] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5th Cir. 2/14/96), 670 So.2d 1305.
[8] Leger v. Tyson Foods, Inc., 95-1055 (La.App. 3rd Cir. 1/31/96), 670 So.2d 397; writ denied, 96-545 (La.4/19/96), 671 So.2d 920.
[9] Id. at 401.
[10] Id.
[11] Id.
[12] LSA-C.C. art. 1918.
[13] LSA-C.C. art. 1927.
[14] Blann v. Aldige, 97-1080 (La.App. 5th Cir. 5/27/98); 712 So.2d 1052.
[15] Id. at 1053.
[16] Id.
[17] Roberson Advertising Services, Inc. v. Winnfield Life Ins. Co., 453 So.2d 662 (La.App. 5th Cir.1984).
[18] Id.
[19] Tedesco v. Gentry Development, Inc., 540 So.2d 960 (La.1989).
[20] Id. at 964.
[21] LSA-C.C. art. 1971.
[22] LSA-C.C. art. 1973.
[23] LSA-C.C. art. 1966.