# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-30642
Summary Calendar

_____

GERALD ASHKER,

Plaintiff-Appellant,

VERSUS

HORIZON OFFSHORE CONTRACTORS, INC.,
FORMERLY KNOWN AS H L S OFFSHORE, L.L.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
99-CV-1367-D

_____

November 30, 2000

Before SMITH, BENAVIDES, and
DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this diversity action, Gerald Ashker appeals a summary judgment in favor of Horizon Offshore Contractors, Inc. ("Horizon"). Finding no error, we affirm.

Ashker sued Horizon, claiming that it orally promised him that he could participate in a bonus pool consisting of ten percent of Horizon's gross revenues if Horizon achieved $30 million in "revenues" from June 18, 1996, through June 18, 1997. Even though Ashker

was transferred from his position on the sales force in March 1997 and was laid off in June 1998, he did not ask for his bonus until he filed the suit.

Horizon filed two motions for summary judgment: one based on the inadequacy of Horizon's actual revenues (only $22 million) and the other on the lack of contract formation as a matter of law even under Ashker's version of the alleged contract terms. The district court granted both motions. Ashker appeals, asserting that he had an insufficient opportunity to conduct discovery; that a question of material fact existed as to the amount of Horizon's revenue, precluding the first motion for summary judgment; and that the contract had definite terms, precluding the second motion for summary judgment.[1]

## I.

We review for abuse of discretion the decision to provide sufficient opportunity to conduct discovery to respond to a motion for summary judgment. *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994) (quoting *Richardson v. Henry,* 902 F.2d 414, 417 (5th Cir. 1990)). Ashker claims the court erred in granting summary judgment while a motion to compel discovery was pending.

The court did grant Ashker two continuances under FED. R. CIV. P. 56(f), but in its response to the second, the court set a deadline beyond which no further continuances would be granted. Ashker now contends that because discovery was not complete to his satisfaction and because a motion to compel discovery was pending before a magistrate judge at the time of the summary judgment hearing,

the district court erred in proceeding without allowing additional discovery.

A court may properly end discovery prior to granting summary judgment "despite the existence of outstanding discovery requests." *Netto v. Amtrak,* 863 F.2d 1210, 1215 (5th Cir. 1989). The court allowed extensive discovery, granting two continuances of the first summary judgment motion and one of the second. Ashker's pending motion to compel discovery requested a complete download of Horizon's archived accounting system, hoping "to perform calculations" that would show that the figures reached by the defendants are merely one interpretation of [the] financial records. Ashker also requested all of the e-mails and electronic documents on Horizon's network, hoping to find a document that would support the allegedly promised bonus.

Neither of these voluminous records would yield new information relevant to either summary judgment motion. Horizon had already provided financial records, audited by Arthur Anderson, sufficient to determine its revenue for the period in question. Moreover, the second motion accepted Ashker's statement of the facts *arguendo,* so documents supporting his version of the contract would have no effect.

[A] plaintiff's entitlement to discovery before a ruling on a motion of summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion. *Paul Kadair, Inc. v. Sony Corp.,* 694 F.2d 1017, 1029-30 (5th Cir. 1983). A district judge "may exercise his discretion to prevent the plaintiff from burdening the

---

[1] Although Ashker asserted contract and tort claims, he appeals only on the contract claim.

defendants with a needless round of discovery." *Id.* at 1030. The court pointed out: "[I]t is clear that a plaintiff cannot defeat a motion for summary judgment by . . . amplifying [his allegations] only with speculation about what discovery might uncover." 694 F.2d at 1030 (quoting *Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d. Cir. 1981).

*Netto*, 863 F.2d at 1216.

Ashker did not show that the additional information he requested from Horizon would have more than a speculative impact on his ability to withstand a summary judgment motion. Thus, the court did not abuse its discretion in ruling on the summary judgment motion despite the outstanding discovery.

## II.

Ashker challenges the decision to grant Horizon's first motion for summary judgment, claiming that the amount of revenue Horizon earned was a question of material fact. We review a summary judgment *de novo*. *Webb v. Cardiothoracic Surgery Assoc.*, 139 F.3d 532, 536 (5th Cir. 1998). A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must prove "that there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett,* 477 U.S. 317, 325 (1986). The nonmoving party must then demonstrate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.,* 475 U.S. 574, 588 (1986).

Horizon's financial records created during the normal course of business and the supporting affidavit of Dale Peltier, Horizon's Controller, show that Horizon's gross revenues for the period between June 1996 and June 1997 were approximately $22 million. Peltier based his testimony on "Revenue Accrual Worksheets," schedules that form the basis for Horizon's financial statements audited by Arthur Anderson.

Ashker contends that Horizon's revenue accrual sheets do not reflect the revenues from jobs successfully bid by sales staff but on which work had not yet begun, *i.e.*, gross sales. Significantly, the district court noted in its minute entry that Ashker testified in deposition that the $30 million threshold was based on gross revenues. Even using gross sales, however, Horizon did not earn $30 million in the relevant time period. As the head of Horizon's estimating department testified, the maximum value of bids during the relevant time was $25.6 million. This figure includes the value of all jobs through June 1997 minus the value of jobs completed before June 18, 1996, plus the value of jobs bid before June 1997 that are not reflected on the accrual worksheet.

Ashker submitted a one-page letter from an accountant stating that the sales figures totaled $31,993,340 for the period in question. This letter may not support an opposition to summary judgment, because it was not "attached to and authenticated by an affidavit conforming to FED. R. CIV. P. 56(e)." 11 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.14[2][c] (3d ed. 1997); *see also* FED. R. CIV. P. 56(e). Further, the letter

3

failed to meet the disclosure requirements under FED. R. CIV. P. 26(a)(2) because the expert revealed neither her qualifications nor the documents on which she relied. "Documentary evidence for which a proper foundation has not been laid cannot support a summary judgment motion, even if the documents in question are highly probative of a central and essential issue in the case." 11 JAMES W. MOORE ET AL., *supra*, § 56.14[2][c].[2] Even unsworn expert reports "do not qualify as affidavits or otherwise admissible evidence for the purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." *Id.*[3] The court properly rejected this letter, because it did not comply with the relevant procedural rules.

Thus, because the one shred of evidence Ashker produced in opposition to Horizon's figures did not meet the standards of proper summary judgment evidence, the district court correctly found no genuine issue of material fact as to the amount of Horizon's gross sales or revenue. Because these figures fell short of the $30 million Ashker identified as the threshold for the promised bonus, his claim must fail.

### III.

Regarding the second motion for summary

---

[2] *See also Canada v. Blain's Helecopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987) (disallowing the use of unauthenticated fuel invoices in a wrongful death action because they lacked a proper foundation, even though the invoices were probative of a central issue).

[3] *See also Lugue v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1358 (S.D. Ga. 1997) (holding that unsworn expert reports prepared in compliance with rule 26(a)(2) are inadmissible because unsworn statements do not qualify as affidavits).

judgment, the court correctly found that even accepting Ashker's version of the terms of the contract as true, these terms did not establish a contract as a matter of law. Ashker bases the existence of a contract on the following facts: At a meeting on or around June 26, 1996, with approximately six other people, Don Sites, then a principal with HLS Offshore L.L.C., allegedly made an oral promise to pay, in bonuses, ten percent of the company's gross revenues for June 1996 through June 1997, which Ashker believed would entitle him to $3.8 million. Ashker never mentioned the bonus to anyone in the company until seven months after he had left Horizon, nor did he ever confirm the bonus plan in writing.

Even when Horizon's attorneys interviewed Ashker about this meeting while investigating a similar claim by another employee, Ashker did not claim that he, too, was owed a bonus. Instead, one week after Sites supposedly promised the bonus, he issued a memorandum stating that he was just beginning to consider a bonus plan, that the bonus pool would contain a maximum of $150,000, that the bonus would be contingent upon Horizon's profitability, and that the plan would need revision before it became final. On these facts, the district court found that the parties did not form a valid contract.

Louisiana law lists four elements of a valid contract: capacity, consent, object, and lawful cause. *J. Caldera & Co. v. Louisiana Stadium & Exposition Dist.,* 750 So. 2d 284, 288 (La. App. 5th Cir.)*, writ denied*, 756 So. 2d 1144 (La. 2000). Horizon challenges only consent and object. We need not address whether the object of the contract is sufficiently definite, because the alleged verbal agreement plainly lacks consent.

4

The plaintiff bears the burden of proving that offer and acceptance establish a verbal contract. *Id.* Where testimony establishes that the minds of both parties did not meet touching primary matters, the contract is invalid for lack of consent. *Id.* Testimony demonstrates that Sites did not believe he had offered a bonus plan during the meeting, because his letter issued the following week indicated that the idea had not been finalized. Thus, Sites and Ashker did not have a meeting of the minds as to the offer.

Moreover, Ashker's failure to raise, with Horizon, the issue of his bonus before suing indicates a lack of acceptance. Therefore, Ashker has not satisfied his burden of proving the existence of the contract under Louisiana law.

Similarly, Texas law requires six elements for a valid contract: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) a communication that each party has consented to the terms of the agreement; (5) execution and delivery of the contract with the understanding that it become mutual and binding on both parties; and (6) consideration. *Angelou v. African Overseas Union,* 2000 WL 1201802, at *7 (Tex. App.SSHouston [14th Dist.] 2000, no pet.); *see also Villarreal v. Art Instit.,* 20 S.W.3d 792, 798 (Tex. App.SSCorpus Christi 2000, no pet.). The bonus package Horizon purportedly promised Ashker fails this standard. Regardless of how one interprets Horizon's actions, Ashker presented no evidence that he communicated his consent to Horizon.

First, Ashker testified that he neither bargained for the alleged promise nor changed his behavior in reliance on it. Second, he did not inquire about the promise either in June 1997 or at the end of 1997 when he received a $1,200 bonus. Finally, he did not ask about the bonus when Horizon transferred him out of sales or when he was terminated in October 1998. Thus, the contract fails to satisfy the element of consent necessary to the formation of a contract under Texas law; we need not address the other elements.

AFFIRMED.

5